**John C. Willis, Appellant, v. Township of Douglas, Effingham County, Illinois, Appellee.**

McCallen Brothers and Parker & Bauer, for appellant.

M. O'Donnell and R. M. Michaelree, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

This is a suit in assumpsit brought by the appellant, John C. Willis, to recover a balance claimed to be due him for services as assessor of Douglas township. He was elected in April, 1928, for the years 1929 and 1930. He met with the board of town auditors on March 26, 1929, at which conference the board passed the following resolution: "Moved by Martin Jakle and seconded by Russell Michaelree, that the Assessor's salary be fixed at Ten Dollars ($10.00) per day, including all deputy hire and other expenses. Motion carried."

Appellant filed a declaration containing the common counts and two special counts. A general demurrer was filed and sustained as to the special counts. Appellant filed an amendment to the declaration to which a demurrer was filed and sustained. Appellant filed another amendment to the declaration, to which appellee again demurred and the demurrer was sustained. The appellee then joined issue on the common counts and by agreement a jury was waived and the cause submitted to the court. After hearing proofs, the court entered judgment for the appellant for $155 and costs of suit. Appellant brings an appeal from said judgment to this court.

Appellant performed the duties of assessor for the years 1929 and 1930, and prepared and swore to statements covering his services, which were duly filed with the township clerk. The statement for 1929 claimed

two days' work in March, 30 days in April, 31 days in May, 29 days in June, and one day in August, a total of 94 days at $10 per day. The board of town auditors met and allowed the claim at $800, or $140 less than the amount of appellant's claim. Appellant's statement for the year 1930 claims one day's work in March, 30 days in April, 31 days in May, 26 days in June and one day in July, a total of 89 days at $10 per day. He was paid $280 as part payment and appellee concedes that it owes $155 more, the amount of the judgment, but $455 less than amount claimed by appellant.

It is the contention of appellant that a valid contract was entered into between himself and the board of town auditors on March 26, 1929, and that he is entitled to be paid for his services at the rate of $10 per day, for each day's service as shown in his statements.

The appellee insists that the town board of auditors had no authority to make the contract for services in March, 1928, and that it was entirely within their discretion to pass upon the statement filed by appellant after the work was done and to then fix the compensation.

Paragraph 98, Cahill's Statutes 1929, ch. 120, provides as follows: "The pay of assessors and deputy assessors shall, from time to time, in counties not under township organization, be determined and fixed by the county board, and in counties under township organization, by the town board of auditors. Such pay shall be for the time necessarily employed in making the assessment, to be paid county assessors and their deputies out of the county treasury, and town assessors and their deputies out of the town treasury."

Paragraph 313, Cahill's St. ch. 120, provides that in townships of not less than 5,000 inhabitants the assessor shall receive not less than $5, nor more than $10 per day. The statute also provides that the work of the assessor shall be done between the first day of

April and the first day of June, and paragraph 332 provides that he shall on or before the first day of June for the year for which the assessment is made, return the assessment books to the county supervisor of assessments.

We do not find any warrant in law for permitting a township assessor to work all through the month of June, or days in March or July and receive pay for the same. Including Sundays, there are 61 days in April and May during which an assessor should work. Counting 122 days for both the years, 1929 and 1930, the appellant would be entitled under his alleged contract to the sum of $1,220 for his entire term. He has been paid $1,080 by the board and has a judgment for $155, which will make a total payment of $1,235 for the two years, so that at the rate of $10 per day he has been paid in full for all the time the law provides.

Paragraph 99 of the above statute provides as follows: "An assessor or deputy assessor shall not be entitled to pay unless he has performed the labor and made return in strict compliance with law." We do not believe appellant can complain of the amount of this judgment, and are of the opinion that there is no warrant in law for his recovering any additional amount from Douglas township.

Viewing this case as we do, it is not necessary to discuss the question of pleading raised in the briefs of appellant.

The judgment of the circuit court will be affirmed.

*Affirmed.*